**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

JENNIFER KONCZAL,

    Plaintiff,

v.                                                            Case No. 19-12275

ZIM TIM, LLC,

    Defendant.

_____/

**OPINION AND ORDER TERMINATING AS MOOT PLAINTIFF'S MOTION TO EXCLUDE AN AFTER-ACQUIRED EVIDENCE DEFENSE AND DENYING PLAINTIFF'S MOTION TO EXCLUDE WORK HISTORY**

Plaintiff Jennifer Konczal initiated this action against Defendant Zim Tim, L.L.C., for sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and the Michigan Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq.* Defendant is the owner and operator of a Tim Hortons restaurant in Southgate, Michigan. (ECF No. 1, PageID.2, ¶ 2; ECF No. 5, PageID.16, ¶ 2.) Plaintiff alleges Defendant terminated her employment as a restaurant crew member due to her pregnancy. (ECF No. 1, PageID.3-4, ¶¶ 13-15.)

After discovery concluded, Plaintiff filed two motions in limine. (ECF Nos. 26, 28.) Plaintiff asks that the court preclude Defendant from presenting an after-acquired-evidence defense at trial. (ECF No. 26.) She also asks the court to bar introduction of evidence concerning her work history. (ECF No. 28.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will terminate as moot Plaintiff's motion to bar an after-

acquired-evidence defense. Plaintiff's motion to exclude evidence of her work history will be denied.

## I. STANDARD

The court may, before trial, determine the admissibility of evidence through a motion in limine. "A motion in limine is a request for guidance by the court regarding an evidentiary question." *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983). It is a procedural vehicle "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). "[A] preliminary ruling allows the parties to consider the court's ruling in formulating their trial strategy." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The court has "[b]road discretion . . . in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overruled." *United States v. Dixon*, 413 F.3d 540, 544 (6th Cir. 2005) (quoting *Romstadt v. Allstate Ins.*, 59 F.3d 608, 615 (6th Cir. 1995)).

"Relevancy is the threshold determination in any decision regarding the admissibility of evidence; if evidence is not relevant, it is not admissible." *Koloda v. General Motors Parts Div.*, 716 F.2d 373, 375 (6th Cir. 1983). "The standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (quoting *United States v. Wittington*, 455 F.3d 736, 738 (6th Cir. 2006)). Under Federal Rule of Evidence 401, "[e]vidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . [and] the fact is of consequence in determining the action."

2

Not all relevant evidence is admissible. Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The court has "very broad discretion in making this determination." *United States v. LaVictor*, 848 F.3d 428, 444 (6th Cir. 2017) (quoting *United States v. Semrau*, 693 F.3d 510, 523 (6th Cir. 2012)).

## II.  DISCUSSION

### A.  After-Acquired-Evidence Defense

Plaintiff's first motion requests that the court bar Defendant from presenting an after-acquired-evidence defense. (ECF No. 26.) Under the after-acquired-evidence rule, "[w]here an employer can show it would have been entitled to terminate the employee for severe wrongdoing, if it had known of the employee's wrongdoing at the time, the employee's remedies for discrimination are limited." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1168 (6th Cir. 1996) (citing *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362-63 (1995)).

Plaintiff observes that Defendant did not include an after-acquired-evidence doctrine as an affirmative defense, thus waiving (forfeiting) the defense. (ECF No. 26, PageID.235-236.) Plaintiff argues, likely beyond the natural boundaries of the defense, that "defendant should be precluded from making *any* arguments at trial *regarding after-acquired evidence*." (*Id.* (emphasis added).) Defendant does not disagree that it has "not sought . . . to assert the . . . defense," and "does not seek to use Plaintiff's

3

educational and employment history as after-acquired evidence to justify her termination." (ECF No. 36, PageID.781.)

Inasmuch as the parties do not dispute that the after-acquired-evidence affirmative defense, as such, will not be asserted by Defendant at trial, (ECF No. 26, PageID.236; ECF No. 36, PageID.781), the court will terminate as moot Plaintiff's motion in limine. It remains to be known whether all conceivable arguments merely "regarding" (as Plaintiff phrases it) the substance of evidence Defendant acquired post-termination are excluded by virtue of Defendant's agreement specifically addressing the affirmative defense.

The court comments here on the parties' obligation to attempt in good faith to resolve disputes before seeking court intervention. Plaintiff asserts in her motion that she sought concurrence from Defendant pursuant to Local Rule 7.1(a), which is designed to prevent motion practice on issues where the parties are in agreement. *See* E.D. Mich. LR 7.1(a). (ECF No. 26, PageID.224.) The court is perplexed to imagine how concurrence could have been effectively sought (here, by email) but not obtained in view of Defendant's bland agreement in response. This could be due to a failure by the moving party to adequately explain the nature of the request, or, alternatively, a failure by the non-movant to reasonably consider the opposing party's request for concurrence. It also could be related to the timing of the intended communication: e.g., a request for concurrence sent in the morning and the pre-written motion filed in the afternoon. The letter of the Rule is honored while the intent is ill-served.

4

In any event, motions that are not contested are irksome, constitute a waste of the court's time, and impose unnecessary legal costs on clients. These things should be avoided.

### B. Evidence of Plaintiff's Work History

Plaintiff argues secondly that the admission of her work history is improper for several reasons. She argues that Defendants cannot use the work history as character evidence or other-acts evidence. (ECF No. 28, PageID.387-90.) Federal Rule of Evidence 404 provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Rule 404 also prohibits "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Plaintiff also claims her work history cannot be used to attack her character for truthfulness. (ECF No. 28, PageID.390-91.) Federal Rule of Evidence 608 prohibits use of extrinsic evidence "to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b). Finally, Plaintiff argues her work history does not qualify as evidence of habit. (ECF No. 28, PageID.392.) Under Federal Rule of Evidence 406, "[e]vidence of a person's habit . . . may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice." Fed. R. Evid. 406.

Defendant again agrees, and does not contest any of these points,[1] instead contending that Plaintiff's work history is relevant to damages. (ECF No. 36, PageID.782.) Plaintiff seeks to recover "loss of wages, loss of benefits, back pay, front pay, loss of employability, any medical expenses incurred, and all other economic damages available at law." (ECF No. 1, PageID.5, 6-7.) By asserting a "loss of employability," Plaintiff requests damages for difficulties in obtaining employment at the same quality and pay as her job with Defendant. *See Palmer v. Schutte*, Case No. 14-14820, 2016 WL 5477260, at *6 (E.D. Mich. Sep. 29, 2016) (Hood, J.) (quoting *Sampson v. Murray*, 415 U.S. 61, 95 (1974) (Douglas, J., dissenting)) ("Employability is the greatest asset most people have . . . dismissal may be a badge that bars the employee from other employment."). (*Id.*) Plaintiff's work history includes her holding five different jobs in a thirteen-month period before working for Defendant, and Plaintiff repeatedly quitting her jobs after experiencing transportation issues. (ECF No. 36, PageID.779; ECF No. 36-1, PageID.790-801.) This information would be relevant in determining how employable Plaintiff was and the extent to which her termination from Defendant's employ prevented her from obtaining another job. Fed. R. of Evid. 401. Evidence that she held multiple jobs, and left jobs soon after beginning them due to logistical issues, could make it less likely that employers would hire her, regardless of her termination by Defendant.

Plaintiff also seeks damages for front pay. "Front pay is money awarded for lost compensation during the period between judgment and reinstatement or in lieu of

---

[1] This again suggests a breakdown of communication and the parties' failure to comply with the text, and spirit, of Local Rule 7.1(a).

reinstatement." *Szeinbach v. Ohio State Univ.*, 820 F.3d 814, 820 (6th Cir. 2016) (quoting *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001)). The court has discretion to permit an award of front pay "when reinstatement is inappropriate or infeasible." *Cox v. Shelby State Cmty. Coll.*, 194 F. App'x 267, 275 (6th Cir. 2006) (quoting *Suggs v. ServiceMaster Educ. Food Mgmt.*, 72 F.3d 1228, 1234 (6th Cir. 1996)). Front pay is limited by the "availability of alternative employment opportunities and the employee's work and life expectancy." *Suggs*, 72 F.3d at 1235 (citing *Roush v. KFC Nat'l Mgmt. Co.*, 10 F.3d 392, 399-400 (6th Cir. 1993); *accord Arban v. West Pub. Co.*, 345 F.3d 390, 406 (6th Cir. 2003) ("Several factors must be considered when determining the propriety of an award of front pay, including . . . the employee's work and life expectancy."). Plaintiff's work history is relevant in determining how long she would have stayed with Defendant as an employee and the value of continued employment with Defendant. Fed. R. of Evid. 401; *see Madden v. Chattanooga City Wide Serv. Dept.*, 549 F.3d 666, 679 (6th Cir. 2008) (affirming an award of front pay calculated "based [in part] on [the plaintiff's] work history and personal characteristics").

Finally, Defendant can use Plaintiff's work history to impeach Plaintiff if she testifies. In a deposition, Plaintiff described in detail her employment with prior employers. (*See* ECF No. 36-1, PageID.790-801.) If Plaintiff testifies at trial as to her work history, and her statement contradicts her prior testimony, Defendant can impeach Plaintiff with her prior inconsistent statement. "A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness." *United States v. Hale*, 422 U.S. 171, 176 (1975); *see also* Fed. R. Evid. 613 (setting rules for impeachment using prior inconsistent statements).

Upon reading the response and Defendant's arguments in favor of admission, Plaintiff contends in her reply that she is "agreeable to withdrawing" her claim for loss of future employability. (ECF No. 39, PageID.1040.) The court is disinclined to accept new arguments or issues in Plaintiff's reply brief, to which Defendant had no opportunity to respond. *See Key v. Shelby Co.*, 551 Fed. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)) ("[W]hen new submissions and/or arguments are included in a reply brief . . . a nonmovant's ability to respond . . . has been vitiated."). Plaintiff has filed no stipulation limiting her recoverable damages, nor filed a motion to amend her complaint, which explicitly includes "loss of employability." (ECF No. 1, PageID.5, 6-7.) While her potential willingness to drop the loss of employability claim could provide a starting point for negotiations with Defendant, it does not justify granting the motion in limine.

Plaintiff argues that, even if evidence of her work history is admissible, it should be excluded pursuant to the balancing test of Federal Rule of Evidence 403. (ECF No. 28, PageID.392-94.) The default rule in the Federal Rules of Evidence is that relevant information is admissible. *See* Fed. R. Evid. 401. The court may bar introduction of evidence under Rule 403 only where "probative value is *substantially* outweighed" by other considerations, such as unfair prejudice. Fed. R. Evid. 403 (emphasis added); *see United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018) ("The [Rule 403] test is strongly weighed toward admission."). Evidence of Plaintiff's work history can serve an important role in the calculation of damages; it has direct probative value. There is little risk the evidence could unfairly prejudice Plaintiff. A history of holding several jobs in a short time period could be viewed as a negative trait, irrespective of the calculation of

8

damages. However, Plaintiff has explained in testimony that she was a single mother, and her obligations to her children prevented her from working at least some of the jobs. (*See* ECF No. 36-1, PageID.790-98.) That fact, if true, could elicit sympathy rather than disapproval.

Plaintiff also argues that introduction of her work history may require that she present evidence of her own to clarify her prior employment. (ECF No. 28, PageID.393-94.) She argues this may waste trial time. (*Id.*) The court disagrees. Work history is relevant to Plaintiff's damages, and additional evidence introduced to reveal a more complete and accurate record is in the interest of justice.

In all, the potential for unfair prejudice to Plaintiff does not "substantially" outweigh her work history's probative value, which may play a useful role in calculation of damages. Fed. R. Evid. 403. The court will not exclude the evidence under Rule 403. *See LaVictor*, 848 F.3d at 444. The evidence may be heard subject to a limiting instruction, which will limit the use of the evidence as to damages and, potentially, for impeachment purposes. The court remains open to counsels' suggestions in that field.

### III. CONCLUSION

The parties agree that Defendant will not present an after-acquired-evidence defense. Further, evidence of Plaintiff's work history is relevant to, at least, the issue of damages and is admissible. Accordingly,

IT IS ORDERED that Plaintiff's "Motion in Limine to Exclude Evidence of and Argument Regarding After-Acquired Evidence" (ECF No. 26) is TERMINATED AS MOOT.

9

IT IS FURTHER ORDERED that Plaintiff's "Motion in Limine to Exclude Evidence of and Argument Regarding Plaintiff's Prior Work History" (ECF No. 28) is DENIED. The evidence will be admissible as to damages.

s/Robert H. Cleland          /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 22, 2021, by electronic and/or ordinary mail.

s/Lisa Wagner          /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-12275.KONCZAL.MotionsinLimine.RMK.RHC.2.docx